UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LINDBLAD,<br><br>Plaintiff,<br><br>v.<br><br>HAN LIN AUCTION GALLERY, et al.,<br><br>Defendants. | Case No. 21-cv-07548-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

The Court previously granted Plaintiff's Application to Proceed in Forma Pauperis. (Dkt. No. 4.)[1] It must now review the complaint's allegations under 28 U.S.C. § 1915. Because Plaintiff's claims do not comply with Federal Rule of Civil Procedure 8, the Court gives Plaintiff the opportunity to amend the complaint.

**COMPLAINT ALLEGATIONS**

The complaint alleges a real estate dispute over property located at 39-49 El Camino Real in Millbrae, California. (Dkt. No. 1 at 4.) Plaintiff is a resident of San Francisco. He names four Defendant entities: Han Lin Auction Gallery, located at 39 El Camino Real; Chien Lung Antiques, located at the same address; Han Lin Auction Gallery, located at a different address of 66 21st Avenue in San Mateo, California; and Think Tank Learning, located at 19925 Stevens Creek Boulevard #168 in Cupertino, California. (*Id.* at 2.) According to Plaintiff, all Defendants are organized under the laws of California and have their principal place of business here. (*Id.* at 3.)

Plaintiff alleges that the property, "a former film festival building," "has been converted to proprietor-oriented business establishments with representation of items sold in the legend of the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

plaintiff's name. The building was bought out with revenue source of the plaintiff's. Hence, [a] fraudulent scheme was used to absorb a monopoly with unfair practices." (*Id.* at 4.) "The defendant is auctioning and/or has real and personal property that is of economic and reserved intellectual property of the plaintiff." (*Id.*) Plaintiff alleges that Defendants used false statements and "[f]ictitious banking operations." (*Id.*)

Liberally construed, the complaint asserts claims for conversion of real property, conversion of personal property, and fraud. (*Id.* at 1, 4.) Plaintiff seeks "[p]roperty and deed/title to 39-49 El Camino Real," valued at $3,412,944, as well as antiques and other personal property valued at $35,000. (*Id.* at 4.)

## LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-

United States District Court
Northern District of California

00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Plaintiff is proceeding without representation by a lawyer. While the Court must construe the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

## DISCUSSION

The complaint does not establish a basis for federal subject matter jurisdiction (federal question jurisdiction or diversity jurisdiction). *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists . . . ."). Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (internal quotation marks and citation omitted). No federal question appears on the face of Plaintiff's complaint, which recites state law claims including conversion of real property, conversion of personal property, and fraud.[2] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. As to diversity jurisdiction, while the complaint pleads an amount in controversy that exceeds the amount required for diversity jurisdiction, it does not indicate complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a)(1). Plaintiff and all Defendants are residents of California, thus defeating the complete diversity of citizenship required for the Court to exercise diversity jurisdiction.

Additionally, the complaint does not comply with Rule 8 because it does not identify the grounds upon which Plaintiff's claims rest. The complaint alleges conversion and fraud, but does

---

[2] Plaintiff identifies the following as a federal question: "If a real estate property-grab occurs by the fortune of monetary assets destined for the plaintiff are misdirected into the hands of political and/or cultural rivals through hostile and unlawful takeover of the plaintiff's obligated assets, is all the property to be forf[ei]ted to the plaintiff with other remedies in the suit presented hereunto?" (Dkt. No. 1 at 5.) That is not a proper federal question because it does not show that "federal law creates the cause of action or that [Plaintiff's] right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted).

3

not explain the specific conduct of each Defendant in relation to the property at issue or explain what specific actions they took to defraud Plaintiff. Thus, the complaint does not provide Defendants with fair notice of Plaintiff's claims and the grounds upon which they rest.

## CONCLUSION

For the reasons explained above, the complaint as pleaded does not establish federal subject matter jurisdiction and does not comply with Rule 8. If Plaintiff believes he can cure the deficiencies, or at least some of the deficiencies, the Court has identified he may file an amended complaint on or before **November 29, 2021**. If he chooses to amend, Plaintiff should: set forth the complaint's allegations in separate numbered paragraphs; set forth each claim in a separate numbered paragraph; and identify each factual allegation that supports each claim for relief. Additionally, Plaintiff is informed that the Court cannot refer to prior pleadings in order to make an amended complaint complete. The amended complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, Plaintiff is warned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or any court order could result in a report and recommendation that his complaint be dismissed. Similarly, failure to file an amended complaint that cures the above-identified deficiencies could also lead to a report and recommendation that his complaint be dismissed.

The Court encourages Plaintiff to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Plaintiff should make a telephone appointment by calling (415) 782-8982. The website for the Northern District of California also has information for litigants who are not represented by counsel.

**IT IS SO ORDERED.**

Dated: October 25, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4